## BROADWAY THEATRE CO. v. DESSAU CO.

### (Supreme Court, Appellate Division, First Department. December 8, 1899.)

1. CORPORATIONS—ULTRA VIRES CONTRACT—EXECUTION—EVIDENCE.

    Since the secretary and treasurer of a corporation organized for mining, smelting, and manufacturing ores, etc., has no implied authority to enter into a contract for the production of a theatrical performance, refusal to allow plaintiff in an action against the corporation for breach of such contract to introduce it in evidence after proving the signature of the secretary and treasurer, merely, was proper.

2. SAME—RATIFICATION.

    Acts and declarations of the president and secretary and treasurer of a corporation, without action by either directors or stockholders, are insufficient to show ratification by the corporation of an ultra vires contract.

Appeal from trial term, New York county.

Action by the Broadway Theatre Company against the Dessau Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

W. E. Carnochan, for appellant.

Esek Cowen, for respondent.

BARRETT, J. The action is for the breach of a written contract with regard to the production of a play. The plaintiff was to furnish the theater and its accessories; the defendant, the play and the performers. The plaintiff is a domestic, the defendant a foreign, corporation. The purposes for which the latter was organized, as specified in its articles of incorporation, are mining, smelting, and manufacturing ores, metals, and minerals, and selling or dealing in steel products. In its answer the defendant denied that it entered into the contract alleged in the complaint. Indeed, it denied every allegation of the complaint, except the fact of incorporation. It then pleaded affirmatively—First, in substance, that the contract was ultra vires; second, that Simon Dessau, who, as its secretary and treasurer, signed the contract, did so without authority, and that the making of this contract was not within the course of his duties.

Upon the trial the plaintiff proved Dessau's signature to the contract, and then offered it in evidence. It was not admitted, and the plaintiff excepted. The ruling was correct. The contract had no relation to the business of the corporation, as specified in its articles. The burden was consequently on the plaintiff to prove special au-

thority to execute it. This burden, at that stage of the trial, was entirely independent of the legal effect of what may have been done under the agreement upon the question of ultra vires. Even were the defendants liable, as contended, because of the partial execution of the contract, although inherently ultra vires (as to which we express no opinion), still, as upon its face it was outside of the ordinary business of the corporation, it was inadmissible until special authority to execute it was shown. There can be no implied authority upon the part of the secretary and treasurer of a corporation to execute an apparently ultra vires contract. Such an implication can only relate to contracts made in the ordinary course of the corporate business, and within the scope of its articles. When the contract goes outside the widest scope of that business, as evidenced by the articles, the least that can be required of one who claims under the instrument is that authority to make it should be shown. It may then be admitted in evidence, and the effect of partial execution upon the further question of ultra vires would follow. We do not mean to intimate that special authority to execute such a contract may not be inferred from its ratification by the corporation. But the difficulty here is that proof of ratification was not given or offered. The only proof which was offered on that head were the declarations and acts of the secretary and the president. The secretary could not ratify it himself. He had no more authority to do this than he had to execute it. He was not the corporation. The same observations apply in a degree to the president, although that officer happened here to be the owner of all but some four shares of the stock. The plaintiff neither offered a resolution of the board of directors authorizing or ratifying the contract, nor the acquiescence of all the stockholders. It is therefore begging the question to say that the contract was in process of execution when the breach occurred.

It follows that the declarations of the president and the acts of the secretary were without binding force upon the real question, namely, the admissibility of the contract. The corporation, as such, was not connected with it, either in its origin or execution.

It follows that the complaint was properly dismissed, and the judgment should be affirmed, with costs. All concur.